# Hoskinson, and Crawford, Administrator, etc., *versus* Miller.

1. Where judgment was entered by default against one of several defendants in an action upon a joint and several obligation, said defendant is a competent witness for the plaintiff on the subsequent trial of the issue joined in the same action between the plaintiff, and an administrator of a deceased defendant and a surviving defendant, though said witnesses' testimony related to matters which occurred during the lifetime of the deceased defendant.

2. An action of debt was brought against A., B. and C., the makers of a joint and several note, in which A. was principal and B. and C. were sureties. Judgment was recovered against A. by default. B. died before trial, and his administrator was substituted of record. On the trial, the jury was sworn to try the issue between the plaintiff, and " C. and the administrator of B., who were impleaded with A., defendants." The defence was that the sureties were discharged by reason of the plaintiff having extended the time of payment to A., the principal, without the consent of the sureties. The plaintiffs, to rebut this defence, called A. as a witness, to testify to facts which occurred at the inception of the transaction, and subsequently, all in the lifetime of B. The witness was permitted to testify, against objection by the defendants:

*Held*, not to be error; that A.'s inability having been fixed by the judgment against him, he was not interested in the result of, and was not a party to, the issue trying.

October 3d 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J.; absent.

* ERROR to the Court of Common Pleas of *Greene county :* Of October and November Term 1883, No. 106.

Debt, on a sealed note. The action was brought April 4th

1879, by A. B. Miller, treasurer of the Pennsylvania Synod, against Nathaniel Clark, Thomas Hoskinson and Timothy W. Ross, the makers of the note. Service was accepted by Ross. and the writ was served on Hoskinson. Clark was not served, Subsequently, under an alias summons, returnable the first Monday of March 1882, Clark was served, and on April 6th 1882, judgment was, on motion, entered against him in open court in default of an appearance. Ross and Hoskinson pleaded payment, and special pleas, that they were sureties on said note, and as such were discharged by the payee accepting from Clark, the principal debtor, interest on the note to a date after it was due, and thereby extending time for payment of the note, without the consent or knowledge of said sureties.

Ross died after the case was at issue, and his administrator, D. Crawford, was substituted of record January 10th 1879.

When the case was called for trial, January 9th 1883, the jury was sworn " to try the issue joined between A. B. Miller, treasurer of the trustees of the Pennsylvania Synod, plaintiff, and Thomas Hoskinson and D. Crawford, administrator of T. W. Ross, deceased, impleaded with Nathaniel Clark, defendants."

The plaintiff put in evidence the following note and indorsement thereon, and rested :—

" $500.

" One year after date we or either of us promise to pay A. B. Miller, treasurer of the trustees of the Pennsylvania Synod, or his successor, the sum of five hundred dollars, interest from date. Value received. Witness our hands and seals this first day of September eighteen hundred and seventy-six (1876).

                              " N. CLARK,        [SEAL]
                              THOS. HOSKINSON,[SEAL]
                              T. W. ROSS,        [SEAL]"

[Indorsed]—" Interest on the within note, paid to September 1st 1877."

The defendants having proved that Nathaniel Clark was the principal and Hoskinson and Ross, sureties on said note, put in evidence the following receipt, and rested :—

" Received, October 5th 1877, of N. Clark, thirty dollars interest on a note of five hundred dollars held by the trustees of the Pennsylvania Synod from September 1877 to September 1878.                    A. B. MILLER, Treasurer."

The plaintiff, in rebuttal, called Nathaniel Clark, and made the following offers of evidence:—

Plaintiff offers to prove by this witness, who is the principal debtor in the note in suit, that the thirty dollars interest received by the plaintiff on October 5th 1877, as shown by the receipt given in evidence by the defendants, was paid to the

[Hoskinson v. Miller.]

plaintiff by the witness in pursuance of an understanding and agreement between himself and the plaintiff, made and entered into at and before the giving of the note, in suit, and that neither at the time said thirty dollars interest was paid, nor at any other time after the note in suit was given, was anything whatever said or mentioned by plaintiff to the witness or by the witness to the plaintiff in regard to the giving of time on the note in suit, and that the witness at all times considered himself bound as principal debtor to pay the note in suit if asked to do so by the plaintiff, at any time after its maturity, notwithstanding the payment of interest in advance. This for the purpose of showing that the plaintiff had the right to sue the witness and recover on the note at any time after its maturity, and that therefore the sureties were not discharged.

Defendants object to the evidence offered, on the ground that the witness is not a defendant in the suit now on trial, judgment having been taken against him ; and secondly, that his evidence would create a liability on others and not on himself ; and third, by reason of the death of Dr. Ross, he is incompetent; and fourth, that his evidence is in contradiction of the written receipt and is incompetent on that ground.

Plaintiff amends his offer so as to confine it to the proof of the facts occurring in the lifetime of Dr. Ross.

Defendants object that the witness is not competent.

By the Court. The objection to the competency of the witness will be overruled. Exception.

The plaintiff proposes to prove by this witness that the thirty dollars interest paid on October 5th 1877, was paid in pursuance of a contract and agreement between himself and the plaintiff made before and at the time the note in suit was given, and that by this contract and agreement, Dr. Miller reserved his right to sue upon the note in suit at any time after its maturity notwithstanding the payment of interest in advance.

The defendants object to the evidence offered, on the ground that it is inconsistent with the terms of the note and the terms of the receipt referred to in the offer and contradicts the same, that it contradicts the writing between the parties, and tends to create a liability outside of and beyond the papers ; and further, that the evidence offered is incompetent and irrelevant.

Objection overruled. Exception.

Clark testified, in substance, that when he gave the note and got the money, the understanding or agreement between himself and Miller was, that he was to pay the interest in advance ; that he paid the first year's interest in advance when he got the money, and the second year's interest in advance when Miller asked for it on October 5th 1877, and took the receipt in evidence ; that the original understanding was that

8 OUTERBRIDGE.—12

[Hoskinson *v.* Miller.]

Miller reserved the right to collect the principal at any time it was called for by the synod, after maturity of the note ; and that when he paid the second year's interest in advance, nothing was said about extending the time for payment of the note. All this testimony was objected to as parol evidence to vary the terms of the note and receipt, no fraud being alleged. Objection overruled. Exception.

Verdict for the plaintiff for $630.75, and judgment thereon. The defendants took this writ of error assigning for error the admission of Nathaniel Clark as a competent witness for the plaintiff, and the overruling of their objection to the competency of his testimony.

*Purman & Buchanan*, for the plaintiffs in error.—The action being by administrators, the Act of 1869 does not apply, and the Act of March 27th 1865, construed with its supplement of April 10th 1867, does not render the witness competent in this case : Branthoover *v.* Cook, 5 Out. 209 ; Dean *v.* Warnock, 2 Out. 565. Apart from these Acts the witness was incompetent at common law, and under prior legislation, because he was a party defendant to the record, and his co defendants objected to his testifying. His testimony related to matters occurring during the lifetime of T. W. Ross, a joint maker of the note, to affect his estate. It was immaterial that judgment had been entered against him for default of appearance, he remained a party to the record : Wolf *v.* Fink, 1 Barr 435 ; Swanzey *v.* Parker, 14 Wr. 454 ; Branthoover *v.* Cook, 5 Out. 209 ; Scott *v.* Lloyd, 12 Peters 149 ; Ash *v.* Guie, 1 Out. 493.

*J. P. Teagarden* and *J. M. Garrison*, for the defendant in error.—The authorities chiefly relied on by plaintiffs in error, were cases of joint obligations by all the defendants ; the note in this case is joint and several. Clark, at the time of the trial, was in no way interested in the event of the litigation—his liability was fixed by the judgment against him, which we say, discharged him from the record of the issue trying : Simpson's Executor *v.* Bovard, 24 P. F. S. 351 ; Talmage *v.* Burlingame, 9 Barr 21 ; Miller *v.* Stem, 2 Barr 286. The defence set up by the sureties was entirely personal to themselves. Clark was not even liable for the costs incurred in litigating that defence. He was therefore a competent witness, apart from the Acts of 1865 and 1869, which we admit do not apply to the case : Good *v.* Calvert, 1 Pennypacker 140. The testimony given by Clark was competent : Weaver *v.* Wood, 9 Barr 220 ; Powelton Coal Company *v.* McShain, 25 P. F. S.

[Sifred v. Commonwealth.]

238; Shughart v. Moore, 28 P. F. S. 469; Graver v. Scott, 30. P. F. S. 88; Greenawalt v. Kohne, 4 Norris 369.

The opinion of the court was filed October 15th 1883.

Per Curiam.—Clark was not a party in the issue being tried. He was not interested in the result. As to him the judgment had become final nine months before he was offered as a witness. His liability was fixed absolutely. The defence set up by the plaintiffs in error was personal as to the sureties. It did not, raise the question of consideration, or original liability on the note. The makers of the note were jointly and severally bound. The witness testified voluntarily to rebut a presumption which the sureties sought to raise from the payment of interest by the witness. The defence of the sureties being purely personal the witness was competent for the plaintiff below : Talmage v. Burlingame, 9 Barr 21 ; Simpson's Executor v. Bovard, 24 P. F. Smith 351 ; Good v. Calvert, 1 Pennypacker 140. It is very doubtful whether the receipt unexplained could have operated to the injury of the sureties.

Judgment affirmed.